United States District Court
Middle District of Florida
Tampa Division

**WIOLETTA FILIPOWICZ,**

    *Plaintiff,*

v.                                                                  NO. 8:22-cv-1240-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

___

# Order

Wioletta Filipowicz's lawyer, Chantal Harrington, requests as an attorney's fee $3,273.28 from Filipowicz's past-due benefits. Doc. 24.

## Background

Filipowicz applied for disability insurance benefits and supplemental security income. Tr. 292–306. She was found disabled. Tr. 91–118. An Administrative Law Judge found that her disability had ended and she had not become disabled again, Tr. 19–40, and the Appeals Council denied her request for review, Tr. 1–7. She and Harrington entered into a contingent-fee agreement under which Harrington agreed to represent her, and Filipowicz agreed to pay Harrington 25 percent of any past-due benefits. Doc. 24-1. Harrington filed a complaint, Doc. 1, and the Commissioner filed a 1,166-page administrative record, Doc. 15. Before briefing, the Commissioner moved to reverse the agency decision and remand the case. Doc. 16. The Court granted the motion, reversed the agency decision, and remanded the case for further

agency proceedings. Doc. 19. The Court later granted Filipowicz's EAJA request for $726.72 as an attorney's fee based on 3.4 hours of work. Doc. 22. On remand, the agency awarded Filipowicz past-due benefits of $43,044.00 and withheld 25 percent of the amount—$10,761.00—for an attorney's fee. Doc. 24-2. The agency issued a notice of award on September 8, 2024. *Id.* The current request followed. Doc. 24.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

2

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fee would consume, the value of

3

the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Harrington requests a fee of **$3,273.28** from the past-due benefits of $43,044.00. Doc. 24 at 2–3. She reaches this amount by deducting the EAJA fee ($726.72) from $4,000, which represents 9.2 percent of the past-due benefits. *Id.* Harrington requests only 9.2 instead of 25 percent of the past-due benefits because the case was remanded before briefing. *Id.* at 2. To establish that the requested fee is reasonable for the services rendered, Harrington provides the following information. She "has focused her practice in Social Security matters since the mid 1990's." *Id.* at 4. Filipowicz's Title II benefits had been terminated since 2020, and her appeals were denied at the hearing level and by the Appeals Council. *Id.* at 3. Harrington agreed to represent Filipowicz in federal court despite knowing "there was a significant risk that [Filipowicz] would lose on remand since [her] case would be remanded to the same administrative law judge who already determined that her benefits properly were terminated." *Id.* at 3. Harrington's representation of Filipowicz and her expertise "resulted in the court reversing and remanding the 2020 unfavorable decision, which allowed [Filipowicz] to ultimately win reversal of the improper cessation of benefits at the administrative level[.]" *Id.* at 5. Had Harrington not agreed to represent Filipowicz, Filipowicz "would not have obtained about four years of back benefits, continuation of Medicare, and future benefits." *Id.* at 4. "There is no windfall to counsel as there was no guarantee of success or that counsel would ever be paid for her work in this case." *Id.* at 4. "The requested fee is fair and reasonable given that [Filipowicz] recouped over $43,000.00 in wrongfully [denied] past-due benefits[.]" *Id.* at 3. Despite both parties agreeing to payment of 25 percent of any past-due benefits as an attorney's fee, she is requesting only "9.2% of past-due benefits." *Id.* at 4.

4

For the reasons provided and the Court's own knowledge of Harrington's expertise in social-security law, the requested fee is reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering Harrington's voluntary reduction of the contractually agreed-to amount, the substantial risk of no award, and that Filipowicz's success may be attributed to Harrington's skills and experience, "reap[ing] the benefit of [the] work" is appropriate. *See Jeter*, 622 F.3d at 381 (quoted). Because Harrington asks to deduct the amount of the EAJA award from her § 406(b) fee request, no amount must be refunded to Filipowicz.

## Conclusion

The Court:

1. **grants** the request, Doc. 24; and

2. **authorizes** Harrington to charge Filipowicz **$3,273.28** from past-due benefits for the successful representation of Filipowicz.

**Ordered** in Jacksonville, Florida, on October 8, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*